MICHIGAN CONSOLIDATED GAS COMPANY *v.*
ISABELLA CIRCUIT JUDGE.

1. GAS—PUBLIC SERVICE COMMISSION—HEARING—RATES—DISTRICT
COSTS.

Gas company *held*, entitled to a hearing before public service
commission as to rates based on the cost of service furnished
not only to intervening community which had obtained an in-
junction against such hearing, but also some 82 other commu-
nities in which company did business, where it appears plain-
tiff had made a good-faith effort to reach an agreement with
the city as to rates to be charged therein, hence writs of prohi-
bition and mandamus are granted to restrain such judicial
interference.

2. COSTS—PROHIBITION—MANDAMUS—INJUNCTION.

No costs are allowed in gas company's proceeding to obtain
writs of prohibition and mandamus to restrain a circuit judge
from interfering with conduct of rate hearing by public service
commission which involved 83 communities, including inter-
venor which had successfully sought an injunction against the
holding of such a hearing until after good-faith efforts had
been made to agree upon rates by which company would serv-
ice that community.

Petition by Michigan Consolidated Gas Company
against Donald E. Holbrook, Isabella Circuit
Judge, for writs of prohibition and mandamus to
prohibit taking action on bill of complaint and to
vacate a restraining order. City of Mt. Pleasant
intervenes. Submitted April 7, 1953. (Calendar No.
45,728.) Writs granted June 22, 1953. Rehearing
denied August 4, 1953.

*Dyer, Angell, Meek & Batten, Thomas R. Mc-
Namara* and *James W. Williams,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Mandamus § 265; 42 Am Jur, Prohibition § 24.
[2] 35 Am Jur, Mandamus § 393.

*Barney Wendrow,* Special Counsel, and *R. Lee Browning,* City Attorney, for defendant and intervenor.

Reid, J.   The petitioner gas company (herein referred to as the gas company) filed its petition herein on December 4, 1952, for writs of prohibition and of mandamus, to be issued to respondent circuit judge (1) prohibiting him from taking any further proceedings upon the bill of complaint and amended bill filed by the city of Mt. Pleasant as plaintiff against the gas company, so far as concerns restraint or injunction against petitioner gas company applying to Michigan public service commission to fix rates; (2) requiring the circuit judge to enter an order vacating the restraining order and order to show cause issued by him on September 19, 1952, on the filing of a bill of complaint on that day in which the city of Mt. Pleasant is plaintiff and the gas company is defendant; and (3) requiring him, the circuit judge, to enter an order to strike from the city's bill of complaint and amended bill, all prayers requesting that petitioner be restrained in proceeding with its application before the Michigan public service commission.

It is the claim of the gas company that in the case of *City of Mt. Pleasant* v. *Michigan Consolidated Gas Company,* 325 Mich 501 (81 PUR NS 589), we affirmed the action of the circuit court in taking jurisdiction only on the ground that the gas company's franchise in the city of Mt. Pleasant contained the requirement that before the gas company could seek at the hands of the State public service commission an increase in its rates in Mt. Pleasant, the gas company must endeavor in good faith to reach an agreement with the city.   The injunction which we upheld in that case was against the gas company proceeding further under that (earlier) petition.   The gas company, the petitioner in the instant proceeding, claims

that it did, after said decision was rendered, endeavor in good faith to reach such an agreement with the city without success, was stopped in that proceeding by the injunction herein complained of, and hence was compelled to file its petition in the instant proceeding, to clear the way for going forward with its present new petition before the State commission.

The gas company claims that its good-faith negotiations with the city for increased rates extended over several months before August 6, 1952, and that in such negotiations a difference became apparent over the matter of the right of the gas company to bring into consideration the matter of the cost of service in Mt. Pleasant being affected by cost and conditions of service to 82 other communities.

The existence of a dispute over the inclusion of service to 82 other communities constituting an "entire district," appears in the very bill of complaint on which the circuit judge issued the temporary injunction herein complained of (as well as in the later amended bill) in paragraphs 12 and 13; and the city's intense opposition to the inclusion of the greater district proposition, is manifest in the same bill of complaint in both its original form and in the amended form. From the record before us, it is evident that it can no longer be said that the gas company has not made a good-faith effort to reach an agreement with the city. While we said in the *Mt. Pleasant Case,* at page 516, that efforts at agreement after the filing of the petition with the State commission did not constitute a compliance with the conditions of the franchise, yet that statement does not apply to the instant matters because the gas company has now filed a new petition with the State commission after the efforts to reach agreement indicated in the city's bill of complaint and amended bill.

It is not to be overlooked, that we said in that case, at pages 519 and 520, as follows:

"Defendant contends that the decree should be modified in this respect, insisting that when and if the matter finally comes before the commission for determination, it should be entitled to ask that its rates within the plaintiff city be based on the cost of service throughout the district that it seeks to establish, including other communities as well as the city of Mt. Pleasant, and that necessary costs of producing artificial gas be considered. *It is further claimed that the matter is primarily one for determination by the commission when its jurisdiction is invoked, and that the court should not undertake, by injunction, to direct, control, or limit the procedure of the commission in advance of action thereby. Defendant's position in this respect is, we think, well taken.*" (Italics supplied.)

Neither the circuit court nor the intervenor city should in anywise interfere with the gas company's presentation of the matters in the later petition by the gas company, before the commission. The city or the gas company, if dissatisfied with the results before the commission, has its statutory appeal. The injunctive order complained of by the gas company would at least temporarily accomplish what we said the court should not do.

The trial court abused its discretion in granting the injunction spoken of in the gas company's petition. The writs of prohibition and of mandamus prayed for by the gas company in its petition, shall issue restraining defendant judge from interfering with petitioner's proceeding before the Michigan public service commission and also directing defendant judge to modify the temporary injunction in accordance with this opinion. Other questions discussed need not be determined in this proceeding. No costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSH-NELL, SHARPE, and BOYLES, JJ., concurred.